J-S44032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARYL WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1217 EDA 2015 |

Appeal from the PCRA Order April 8, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1221521-1987

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED JULY 08, 2016**

Daryl Williams ("Williams") appeals from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  Williams's counsel, Barnaby C. Wittels, Esquire ("Wittels"), filed a ***Turner/Finley***[1] "no-merit" letter and a Petition to Withdraw as Counsel.  We affirm the Order and grant Wittels's Petition to Withdraw.

In 1989, following a jury trial, Williams was convicted of first-degree murder and possession of an instrument of crime ("PIC").  The trial court sentenced Williams to life in prison for the murder conviction and a concurrent term of two and one-half to five years in prison for the PIC conviction.  On February 20, 1990, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Williams***, 573 A.2d 1161 (Pa. Super.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1990) (unpublished memorandum). Williams did not petition for allowance of appeal to the Pennsylvania Supreme Court.

Williams has filed two previous PCRA petitions, both of which were denied. Williams's current Petition was filed on June 1, 2012. The PCRA court entered a Pennsylvania Rule of Criminal Procedure 907 Notice of Intention to Dismiss, and thereafter dismissed Williams's Petition as untimely. Williams filed a timely Notice of Appeal. Thereafter, the PCRA court appointed Wittels as counsel for the appeal.

In the **Turner/Finley** Brief, Wittels raises the following questions for our review:

> (i) Did the PCRA [c]ourt err in dismissing [Williams's] PCRA [P]etition in which [Williams] asserted that the mandatory sentence of life without parole was unconstitutional, pursuant to **Miller**[2] where [Williams] was over the age of eighteen at the time of the murder and his sentence became final prior to the Court's decision in [**Miller**]?

> (ii) Did the PCRA Court err in dismissing [Williams's] PCRA [P]etition as untimely where [Williams] alleged an exception to the timeliness requirement based upon newly discovered evidence, namely[,] a witness that would have testified to facts previously raised before the court?

**Turner/Finley** Brief at 5 (footnote added).

Wittels filed a Petition to Withdraw on October 27, 2015. Williams filed a *pro se* Response and raises the following questions for our review:

> (i) Did the PCRA court err by dismissing [Williams's] PCRA [P]etition as untimely without an evidentiary hearing[?]

---

[2] **Miller v. Alabama**, 132 S. Ct. 2455 (2012).

(ii) [W]hether [Williams's] court appointed attorney's **Anders**[3] brief is unwarranted in light of the merits of the instant claim[?]

*Pro se* Brief for Appellant at 4 (numbering and footnote added).

Prior to addressing Williams's claims on appeal, we must address Wittels's **Turner/Finley** Brief and accompanying Petition to Withdraw as Counsel. Pursuant to **Turner/Finley**, an independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were without merit;

4) The [] court conducting its own independent review of the record; and

5) The [] court agreeing with counsel that the petition was without merit.

*Id*. (citation and brackets omitted). Further, the Supreme Court in **Pitts** did not expressly overrule the additional requirement, imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006), that

PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the

---

[3] **Anders v. California**, 386 U.S. 738 (1967).

trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the ***Turner/Finley*** Brief, Wittels described the extent of his review, identified the issues that Williams sought to raise, and explained why the issues lacked merit. In addition, Wittels provided Williams notice of his intention to seek permission to withdraw from representation, a copy of the ***Turner/Finley*** Brief, and advised Williams of his rights in lieu of representation.[4] Thus, we conclude that Wittels has substantially complied with the requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the ***Turner/Finley*** criteria). We now independently review Williams's claims to determine whether they entitle him to relief.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Id.*** (citation omitted).

---

[4] On November 10, 2015, this Court entered an Order directing Wittels to produce copies of the letter he sent to Williams informing him of his right to retain counsel or proceed *pro se* in this appeal. Wittels complied.

Any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." *Id.* § 9545(b)(3). The timeliness of a PCRA petition is a "jurisdictional requisite" because "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011).

As Williams declined to file a petition for allowance of appeal with our Supreme Court, Williams's judgment of sentence became final on March 22, 1990, after the time to seek review with our Supreme Court expired. *See* Pa.R.A.P. 1113. Therefore, a timely PCRA petition had to be filed by March 22, 1991. Williams's Petition, filed on June 1, 2012, is thus facially untimely.

However, Pennsylvania courts may consider an untimely PCRA Petition if the appellant can explicitly plead and prove one of three exceptions set forth at Section 9545(b)(1)(i)-(iii). *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). Any petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Williams invokes the new constitutional right exception. *See Turner/Finley* Brief at 16-19. In support of his claim, Williams cites *Miller*,

*supra*, which bans mandatory life sentences without the possibility of parole for defendants under 18 years old at the time of commission of the crime. *Miller*, 132 S. Ct. at 2460.[5] Here, *Miller* is not applicable, as Williams was 20 years old when the shooting occurred. *See id.* (stating that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'") (emphasis added).

Williams also invokes the newly discovered fact exception. *See Turner/Finley* Brief at 20-23. Williams offers an Affidavit by Gregory Brown ("Brown"), dated May 4, 2012, alleging that Adrian "Ace" Miles ("Miles"), rather than Williams, shot Derrick Whitmore. *Id.* at 21.

The newly discovered fact exception requires petitioners to allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence" before the timeliness deadline expired. 42 Pa.C.S.A. § 9545(b)(1)(ii). The emphasis of the exception Williams invoked is "on [the] newly discovered *facts*, not on a newly discovered or newly willing *source* for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original). "The production of evidence which contains information previously known to a petitioner 'cannot

---

[5] In 2016 the Supreme Court of the United States announced that *Miller* applies retroactively. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016).

resurrect an untimely PCRA claim as such a result would clearly run contrary to the plain language of the exception.'" **Commonwealth v. Johnson**, 863 A.2d 423, 427 (Pa. 2004) (citation omitted).

Here, Williams is attempting to assert a claim he has known for over 20 years. Indeed, in his first PCRA Petition, Williams alleged that multiple witnesses were willing to testify that Miles was the shooter, not Williams. **See** Amended PCRA Petition, 7/7/93, at 1-2; **see also** PCRA Court Opinion, 6/2/15, at 5. Moreover, the fact that Williams discovered a new witness to re-litigate his previous claim does not "transform his latest source into evidence falling within the ambit of [Section] 9545(b)(1)(ii)." **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1269 (Pa. 2008); **see also** PCRA Court Opinion, 6/2/15, at 5 (stating that "Brown's Affidavit proposing an alternative perpetrator did not bring [Williams's] claim within the scope of exception (b)(1)(ii) because the only new aspect of the claim was the witness."). Further, while Williams filed his Petition within 60 days of Brown's Affidavit, Williams does not explain why the Affidavit could not have been presented sooner through Williams's "due diligence." **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Edmiston**, 65 A.3d 339, 349 (Pa. 2013) (stating that "[w]e cannot say that a petitioner who is aware of the factual basis of his claim but who raises the claim over 15 years later complied with the jurisdictional, statutory requirement to file his claim within 60 days of the date the claim could have been presented").

In his *pro se* brief, Williams contends that the PCRA court erred in dismissing the PCRA Petition without first holding an evidentiary hearing regarding Brown's Affidavit. *Pro se* Brief for Appellant at 11-15. "[I]t is well-settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." **Commonwealth v. Garcia**, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011).

In this case, where Williams filed an untimely PCRA Petition and did not properly plead and prove an exception to the timeliness requirement, we conclude that the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing. **See id**.[6]

Upon our independent review of the record, we conclude that the PCRA Petition is without merit, and that Wittles is entitled to withdraw under the precepts of **Turner/Finley**.

Order affirmed. Petition to Withdraw as Counsel granted.

---

[6] While Williams takes issue with Wittels's **Turner/Finley** no-merit letter in the Statement of Questions, Williams failed to raise an argument regarding this issue in his brief. Thus, the claim is waived. Nevertheless, even if the claim was not waived, as noted above, Wittels fulfilled the **Turner/Finley** requirements.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016